UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PONCIETTA A. EARLE,

       Petitioner,

v.                                    CASE NO. 4:06-CV-14823
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT COURT

CLARICE STOVALL,

       Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR RELEASE ON BAIL, GRANTING PETITIONER'S MOTION TO WITHDRAW HER PRIOR MOTION FOR THE APPOINTMENT OF DAVID STEINGOLD AS COUNSEL, AND GRANTING THE MOTION TO TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS TO DELETE UNEXHAUSTED CLAIM**

      Petitioner filed a petition for writ of habeas corpus through counsel David Steingold, pursuant to 28 U.S.C. § 2254, in which she challenges her convictions for assault with intent to murder and felony-firearm. Petitioner has filed two motions for release on bail. For the reasons stated below, the motions for release pending review will be denied. Petitioner also filed a motion for appointment of David Steingold as counsel, but has subsequently filed a motion to withdraw this motion. The Court will permit Petitioner to withdraw her motion for appointment of David Steingold as counsel. Finally, Petitioner has filed a motion to amend her habeas petition to delete an unexhausted claim. For the reasons stated below, the motion to amend shall be granted.

      **I. The bond motions.**

      Petitioner has filed two motions for release on bond pending appeal.

      This Court initially notes that the Federal Rules of Appellate Procedure do not apply to actions in a district court. *Rawson v. Sears, Roebuck & Co.*, 678 F. Supp. 820, 822 (D. Colo.

1

1988)(citing to Fed. R. App. P. 1(a)). Therefore, Petitioner is unable to invoke Rule 23 of the Federal Rules of Appellate Procedure to obtain release on bond, as she has argued. In any event, to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish that she would prevail on the merits of her claims, she is not entitled to release on bail at this time. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003). Accordingly, the motions for release on bond will be denied.

**II. The motion for appointment of David Steingold as counsel.**

Petitioner previously retained attorney David Steingold to represent her. However, Petitioner and Steingold have apparently had several disputes and have dissolved their relationship. Nevertheless, Petitioner filed a motion for the appointment of counsel which is in fact a motion asking this Court to order Mr. Steingold to remain on the case after filing the petition for writ of habeas corpus on her behalf, despite the dissolution of their relationship. Subsequently, Petitioner filed a motion to withdraw the motion for appointment of Mr. Steingold as counsel. The Court will permit petitioner to withdraw her motion for the appointment of David Steingold as counsel.

### III. The motion to amend the petition.

Petitioner has also filed a motion to amend her petition to delete an unexhausted claim from her petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

Petitioner acknowledges that her sixth claim was not properly exhausted with the state courts and now wishes to delete this claim from her petition. A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000). Outright dismissal of this mixed petition would be error without affording petitioner the opportunity to amend the petition by striking the unexhausted claim as an alternative to dismissal. *Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000). Because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in her petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to delete her sixth claim from her petition.

### IV. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Motions for Release on Bail [docket entries # 5 and # 10] are **DENIED**.

**IT IS FURTHER ORDERED** that the motion for the appointment of David Steingold as Counsel [docket entry # 6] is **DENIED** and the motion to withdraw the motion for appointment of

David Steingold as counsel [docket entry # 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to amend the habeas petition to delete the sixth unexhausted claim from the petition [docket entry # 9] is **GRANTED**.

**SO ORDERED.**

Dated:  September 19, 2007                                     s/Paul V. Gadola
                                                                                        HONORABLE PAUL V. GADOLA
                                                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 19, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                      Debra M. Gagliardi                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Poncietta Earle                       .

                                                                                        s/Ruth A. Brissaud
                                                                                        Ruth A. Brissaud, Case Manager
                                                                                        (810) 341-7845