UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PONCIETTA ADRIENNE EARLE,

    Petitioner,

v.

CASE NO. 2:06-14823
HONORABLE STEPHEN J. MURPHY, III
UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Poncietta Adrienne Earle, ("Petitioner"), presently confined at Camp White Lake in White Lake, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In her *pro se* application, Earle challenges her conviction for assault with intent to murder, in violation of Mich. Comp. L. § 750.83; and possession of a firearm in the commission of a felony, in violation of Mich. Comp. L. § 750.227b. For the reasons stated below, her application for writ of habeas corpus is **DENIED.**

### BACKGROUND

Earle was convicted of the above charges following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

    This case arose out of a shooting incident at an Embassy Suites hotel

in Livonia. Defendant was an independent "escort" whom the victim hired for a period of time on December 13, 2001. When defendant was ready to leave she discovered that her "donation" was $135 short. The victim stated that he did not believe he should have to pay for two full hours because she was leaving early, albeit at his request. Most of the events of the afternoon and evening that led up to the time of the shooting are not disputed. Defendant even acknowledged that she shot the victim. But defendant claimed it was in self-defense and that she did not intend to kill the victim. The prosecution maintained that a reasonable inference could be drawn from the circumstances that defendant did indeed intend to kill the victim. The jury agreed with the prosecution and convicted defendant. Defendant appealed her conviction as of right.

*People v. Earle,* 2005 WL 1224611 at * 1-2 (Mich. App. 2005).

Petitioner's conviction was affirmed on appeal. *Id., leave to appeal denied*, 474 Mich. 1069 (2006); *reconsideration denied*, 474 Mich. 1132 (2006). Further facts will be discussed in the course of addressing petitioner's claims.

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was deprived of her constitutional State and Federal Sixth Amendment right to effective assistance of counsel at trial, to due process and to a fair trial due to trial counsel's refusal to alert the trial court about a juror willing to sell their vote for $10,000, the Michigan Court of Appeals decision is contrary to United States Supreme Court and Federal precedent.

II. Petitioner was deprived of her Fourteenth Amendment Constitutional right to due process and to equal protection of the laws when the trial court held an evidentiary hearing to develop petitioner's claim of ineffective assistance of trial counsel and Petitioner did not receive a full and fair hearing due to the trial court not fully developing material facts.

III. Petitioner was denied her constitutional rights to due process and a fair trial pursuant to the Fifth and Fourteenth Amendments when the trial court erroneously admitted evidence in violation of MRE 404(B) and MRE 403.

IV. Petitioner was denied her constitutional rights to due process and a fair trial, pursuant to the Fifth and Fourteenth Amendments when the trial court failed to respond appropriately to a question from the jury during deliberations.

V. Petitioner was denied her constitutional rights to due process and a fair

trial, pursuant to the Sixth and Fourteenth Amendments due to the structural error of being tried by a jury that was not impartial.

VI. When there was insufficient evidence of intent to murder Petitioner's Fifth and Fourteenth Amendment rights to due process and a fair trial were violated where the trial court denied Petitioner the right to have a fair trial by a fully instructed jury, by omitting CJI 17.4, mitigating circumstances, sections 2-4, the decision of the Michigan Court of Appeals is contrary to United States Supreme Court and federal precedent.

VII. The cumulative effect of the errors occuring at trial denied petitioner her constitutional rights to due process and a fair trial pursuant to the Fifth and Fourteenth Amendments.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1). An "unreasonable application" occurs when the state court identifies the correct legal principle from a

3

Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court making the "unreasonable application" inquiry should consider "whether the state court's application of clearly established federal law was objectively reasonable." *Id.* at 409. The federal court should refrain from using a subjective inquiry. *Id.* Therefore, "[a] federal court may no longer consider the merits of the petitioner's claim based on its best interpretation and application of the law prevailing at the time her conviction became final; rather, it must defer to the state court's decision rejecting the claim unless that decision is patently unreasonable." *Butler v. McKellar*, 494 U.S. 407, 422 (1990).

## DISCUSSION

<u>I.</u>     <u>Motion to Order Respondent to File Specified Rule 5 Materials</u>

Petitioner wrote a letter to the Court dated September 14, 2008, which this Court construes to be a motion to compel respondent to file certain Rule 5 materials which petitioner claims were not filed when the respondent filed her answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Respondent filed an answer to the petition on May 23, 2007, but failed to file any Rule 5 materials. On August 8, 2007, Magistrate Judge R. Steven Whalen signed a second order compelling production of state court record, in which he ordered respondent

to provide the Rule 5 materials within twenty-one days of the order. On August 23, 2007, Respondent filed the Rule 5 materials with this Court. Respondent failed, however, to provide either the transcripts from Petitioner's jury trial or the transcript from the evidentiary hearing on Petitioner's ineffective assistance of counsel claim that was conducted in the Wayne County Circuit Court. On August 13, 2008, Chief Judge Bernard A. Friedman signed a third order compelling production of state court record, in which he ordered that these materials be provided to the Court within twenty-one days of the order. On September 11, 2008, respondent filed the additional Rule 5 materials, albeit after the twenty-one-day period had expired.

Petitioner claims that respondent has failed to provide the transcripts from August 8, 2002, the date that the jury returned its verdict, and September 13, 2002, the date that she was sentenced. Petitioner also claims, in conclusory fashion, that there may be additional transcripts from the *Ginther* hearing that was conducted on her ineffective assistance of counsel claim. Finally, petitioner claims that Judge Maggie Drake's opinion from December of 2004 which granted her a new trial has not been provided to the Court.

A review of the court's docket indicates that the sentencing transcript from September 13, 2002 was provided with the first Rule 5 materials. Dkt. Entry # 20-4. Respondent also provided the transcripts from the evidentiary hearing from August 25, 2003, August 26, 2003, and September 18, 2003. Dkt. Entries # 26-13; 26-14; 26-15. Respondent also provided the trial court judge's initial ruling on the motion for a new trial dated September 26, 2003, Dkt. Entry # 20-7, as well as her subsequent decision on remand from December 17, 2004, in which she granted petitioner a new trial. Dkt. Entry # 20-8. Finally, the trial court's opinion on remand from the Michigan Court of Appeals,

dated March 25, 2005, is attached as Exhibit N to petitioner's application for leave to appeal to the Michigan Supreme Court. Dkt. Entries # 20-7, 20-8; 20-14, 20-15. Accordingly, there is no reason to compel the production of these documents. Petitioner's motion to order respondent to file the specified Rule 5 materials will therefore be denied. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

With respect to the August 8, 2002 transcript regarding the verdict, it appears that this transcript was never provided. However, petitioner has failed to offer any argument as to how this transcript is relevant to any of her claims. Accordingly, the Court will not order respondent to produce this transcript.

## II.Ineffective Assistance of Counsel and Judicial Misconduct Claims

The Court will discuss petitioner's first, second, and fifth claims together because they are interrelated. Petitioner claims that during trial a juror, through a middle-contact person, offered to ensure a hung jury for $10,000. Petitioner alleges that her trial counsel had been contacted by a middleman with the juror's offer and encouraged petitioner to pay the money. Petitioner further alleges that she asked defense counsel about informing the court about the bribe offer, but claims that her counsel stated he did not want to antagonize any of the jurors and that he would not "pimp out" the attorney who acted as the middleman. Petitioner claims that her trial counsel was ineffective for failing to inform the court of the juror's misconduct in offering to accept a bribe in exchange for a hung jury.

An evidentiary hearing was conducted on petitioner's ineffective assistance of counsel claim pursuant to *People v. Ginther*, 390 Mich. 436 (1973). Petitioner's trial counsel, William Bufalino II, testified at the hearing and denied that any conversations took place regarding a juror's offer to be bribed, in exchange for guaranteeing a hung jury.

6

Bufalino acknowledged speaking with petitioner in regard to $5,000.00, but testified that this sum of money was in reference to the defense hiring an investigator to interview the jurors to assist in petitioner's appeal efforts.  Earle also presented several witnesses, including her aunt and cousin, who testified that they were aware of the juror's offer to accept a bribe on the day Bufalino approached petitioner with the offer.  These witnesses also testified that in post-conviction discussions with Bufalino, he verified that the offer had been made.  Petitioner presented polygraph results which tended to indicate that these witnesses were being truthful.

On September 26, 2003, the trial court issued an opinion denying petitioner's motion for a new trial.  In rejecting petitioner's motion, the trial court stated, the "Court is not convinced that the conversations occurred, nor is the Court convinced that the defendant was prejudiced by, if in fact it did occur, that it [sic] denied her a fair trial." *People v. Earle,* No. 02-1674, slip op. at 9 (Mich. Third Judicial Circuit Ct., Sep. 26, 2003), Pl.'s App'x. C. On appeal, petitioner argued that several of the trial court's findings of fact were clearly erroneous and that the court erred when it declined to consider polygraph evidence of three witnesses that petitioner contended were aware of the offer to fix the verdict.  *People v. Earle,* 2004 WL 2125412 (Mich. App. 2004), Pl.'s Appx. F.  The Michigan Court of Appeals agreed that the trial court made several misstatements regarding the facts and that the trial court may not have properly considered the polygraph evidence presented by petitioner and remanded the case to the trial court for reissuance of its opinion, in light of those concerns.  *Id.* at *5.  The court stated that in a new opinion, the trial court should:

7

> (1) delineate its findings regarding the five *Barbara* factors; (2) specify whether its decision was made with or without consideration of the polygraphic evidence, and state its reasons for accepting or rejecting that evidence; and (3) make a factual finding whether defendant's trial counsel was in fact approached mid-trial with an offer that a juror was willing to accept a bribe to ensure a hung jury.

*Id.*

On remand, the trial court issued its new opinion. *People v. Earle,* No. 02-1674, slip op. at 9 (Mich. Third Judicial Circuit Ct., Dec. 17, 2004), Pl.'s App'x. D. In that second opinion, the trial court stated that "the evidence in this case was overwhelming against defendant and clearly supports the jury's verdict." *Id.* However the trial court determined that "it would be fundamentally unfair to allow defendant's conviction to stand in light of the rights allegedly abridged and would amount to a miscarriage of justice." *Id.* at 11. The trial court reasoned that, "the appearance of any impropriety ... is sufficient [to justify a new trial]." *Id.* at 11-12. The trial court did not, however, address the factual findings that the Michigan Court of Appeals requested in its first remand. The prosecution appealed and the Michigan Court of Appeals reversed and vacated the trial court's decision to grant a new trial, instructing the trial court to reissue its opinion with the necessary findings of fact. *People v. Earle*, 2005 WL 415284 at *4 (Mich. App. 2005), Pl.'s App'x. G.

On remand, the trial court issued its third and final opinion on March 25, 2005 regarding Earle's motion for a new trial. *People v. Earle,* No. 02-001674, slip op. (Mich. Third Judicial Circuit Ct., March 25, 2005), Pl.'s App'x. E. In this final opinion, the trial court clarified that, at the *Ginther* hearing, petitioner's trial counsel denied that any conversations ever occurred regarding a juror's offer to be bribed in exchange for a hung jury, and maintained that the only sums discussed were $5,000 and $1,000 respectively,

to be used on post-trial matters. *Id.* at 4. The trial court accepted that it could utilize the polygraph evidence presented by petitioner and found the relevant witnesses' testimony to be credible. *Id.* at 5. However, the trial court stated that, although two of these witnesses testified that they learned of the allegedly crooked juror during the trial, they did not hear about this juror from petitioner's trial counsel, but rather from petitioner. *Id.* at 7. Although the trial court judge acknowledged that petitioner's witnesses passed a polygraph examination concerning discussions between counsel and these witnesses about the juror, the court noted that the polygraph examiner acknowledged that none of these witnesses were tested as to *when* the alleged conversations occurred. *Id.* Because a conversation time was never established by the polygraph tests, the trial court concluded that although these witnesses were credible in their beliefs "there has been no showing the conversations actually occurred, merely that the subjects were informed by the defendant of the alleged conversation." *Id.* After making these clarifications, the trial court found that 1) "There was no approach made by defense attorney to the defendant for payment of $10,000 to guarantee a hung jury; 2) there was no evidence [of] a pretext quest [sic] for monies during trial but post-conviction costs, [and] 3) there was no approach by a third party representing an alleged juror." The trial court further stated, "[d]efense counsel['s] representation and performance was effective, thorough and professional." Based on these findings, the trial court determined that petitioner was not entitled to a new trial for ineffective assistance of counsel. *Id.*

The Michigan Court of Appeals also rejected Earle's ineffective assistance of counsel claim, noting that this issue "essentially amounted to a credibility contest between

9

defendant's trial counsel and defendant and her witnesses," *People v. Earle,* no. 244245, 2004 WL 2125412, at *3 (Mich. App. 2004), Pl.'s App'x. F, and that, although the trial court acknowledged that the polygraph evidence involving petitioner's witnesses seemed credible, it had chosen to believe petitioner's trial counsel rather than petitioner and her witnesses. The Court of Appeals declined "to second guess those credibility assessments." *People v. Earle,* no. 244245, 2005 WL 1224611, at *10 (Mich. App. 2005). In light of the trial court's finding that Earle's trial counsel never told her about a juror bribe or even attempted to solicit money from her on that pretext, and that there had been no approach by a juror through a third-party, the Court of Appeals concluded that petitioner's trial counsel was not constitutionally ineffective. *Id.*

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Although the issue of ineffective assistance of counsel presents a mixed question of law and fact, any underlying historical facts found by the state courts are presumed correct. *West v. Seabold*, 73 F. 3d 81, 84 (6th Cir. 1996). This is particularly so where credibility determinations are involved. *See Smith v. Jago*, 888 F. 2d 399, 407-408 (6th Cir. 1989). The presumption of correctness also "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 F. App'x. 445, 448 (6th Cir. 2003) (citing *McQueen v. Scroggy,* 99 F. 3d 1302, 1310 (6th Cir. 1996)).

In denying petitioner's ineffective assistance of counsel claim, the trial court found credible counsel's testimony that no juror had ever solicited a bribe through a third party

to guarantee a hung jury, that counsel never informed petitioner about such a bribe, and that he never attempted to solicit money from her on this basis. Although acknowledging that Earle's witnesses had testified that they knew about this allegedly crooked juror during trial, the trial court found they did not hear about this juror from petitioner's counsel, but rather from Earle herself. Although the witnesses testified that petitioner's trial counsel had informed them about this juror, the trial court at least implicitly found that counsel was more credible than these witnesses on this particular point. Because Earle has failed to offer clear and convincing evidence to rebut this credibility determination, she is not entitled to habeas relief on her ineffective assistance of counsel claim.

The Court will also reject petitioner's related second claim – that she did not receive a full and fair hearing on her ineffective assistance of counsel claim in the state courts. The trial court conducted a three-day evidentiary hearing on Earle's claim. Several witnesses testified at the hearing and the trial court admitted polygraph evidence concerning petitioner's witnesses. The trial court and the Michigan Court of Appeals considered petitioner's ineffective assistance of counsel claim on three separate occasions, with the Michigan Court of Appeals remanding the matter twice to the trial court to clarify various factual and legal issues. Petitioner presented this claim twice to the Michigan Supreme Court, in her application for leave to appeal and her motion for reconsideration. Where a petitioner was formally present before state trial and appellate courts, called witnesses and otherwise presented evidence, and pursued claims on appeal, she cannot be heard to claim that she did not receive a full and fair hearing. *See Abdur'Rahman v. Bell,* 226 F. 3d 696, 703 (6th Cir. 2000). Accordingly, this Court concludes that petitioner Earle received a full and fair hearing in the Michigan courts, as

required for the presumption of correctness to apply to state trial court's findings of fact regarding the alleged ineffective assistance of counsel. Therefore, she is not entitled to habeas relief on her second claim.

The Court will also reject petitioner's related fifth claim that she was deprived of an impartial jury. The question of whether a trial court has seated a fair and impartial jury is a factual one, involving an assessment of credibility. *Gall v. Parker,* 231 F. 3d 265, 308 (6th Cir. 2000) (citing *Patton v. Yount*, 467 U.S. 1025, 1038 (1984)). A state trial court's finding on the impartiality of a juror or a jury is a factual finding that is presumed correct under § 2254 unless a habeas petitioner can prove otherwise by convincing evidence. *Id.* The standard of review on habeas does not permit a court to effect a wholesale substitution of its own view of possible juror bias for the state court's view; instead, the habeas court may overturn the state court's findings of juror impartiality only if those findings were manifestly erroneous. *DeLisle v Rivers*, 161 F. 3d 370, 382 (6th Cir. 1998). For the reasons stated by the Court in the course of rejecting petitioner's ineffective assistance of counsel claim, petitioner has also failed to offer clear and convincing evidence that one of the jurors solicited a bribe in order to guarantee a hung jury. Petitioner is not entitled to habeas relief on this claim.

### III.   Prior-Bad-Acts Evidence Claim

Petitioner next contends that the trial court improperly admitted "prior bad acts" or "other acts" evidence at her trial that was more prejudicial than probative, in violation of Michigan Rule of Evidence 403 and 404(b). It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review

12

to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000). As a question of state law, Earle's claim that the state court violated the Michigan Rules of Evidence by admitting this evidence is therefore not cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007).

Nor is there any clearly established rule of *federal* law that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Likewise, petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle her to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner has not established that any such error occurred here, and is therefore not entitled to habeas relief on her third claim.

IV.    Failure to Read Victim's Statement Claim

As part of her fourth claim, petitioner contends that the trial court erred in failing to provide the jury with the police officer's notes from an interview with the victim after the jurors requested the victim's written statements. Rulings on jury requests, like rulings

13

concerning admissibility of evidence, may not form a basis for federal habeas relief unless a constitutional question is raised. *See Spalla v. Foltz,* 788 F. 2d 400, 405 (6th Cir. 1986). There is no U.S. Supreme Court decision that requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub,* 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). Nor is the court aware of any clearly established law that dictates which exhibits must be given to the jury upon request during deliberations. *See Barnett v. Roper,* No. 2006 WL 2475036, * 94 (E.D. Mo. August 24, 2006); *aff'd* 541 F. 3d 804 (8th Cir. 2008). Accordingly, petitioner is not entitled to habeas relief on this portion of her fourth claim.

V.  Jury Instruction Claims

In part of her fourth claim and in her sixth claim, petitioner alleges that jury instructions given by the state trial court were erroneous. Specifically, as part of her fourth claim, petitioner contends that the trial court failed to re-instruct the jurors on self-defense and the presumption of innocence when they asked to be re-instructed on the elements of the offenses. In her sixth claim, petitioner contends that the trial court erred in failing to instruct the jury on the difference between murder and manslaughter, when it gave the jury Criminal Jury Instruction 2d 17.4, which states that a defendant can only be convicted of assault with intent to murder if the defendant would have been guilty of murder, not manslaughter, had the victim died.

Respondent contends that petitioner's fourth claim is procedurally defaulted because petitioner's counsel did not object to the jury instructions as given. Similarly, respondent contends that petitioner's sixth claim is defaulted, because petitioner's counsel expressed satisfaction with the instruction that was given by the court.

14

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved her portion of his fourth claim involving the trial court's response to the jurors' questions concerning the elements of the offenses. *People v. Earle,* 2005 WL 1224611 at *7 (Mich. App. 2005). The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001); *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly

15

rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). This portion of petitioner's fourth claim is therefore procedurally defaulted.

The Michigan Court of Appeals rejected petitioner's sixth claim involving the trial court's failure to instruct on the elements of murder and manslaughter when giving Criminal Jury Instruction 2d 17.4, finding that by expressing satisfaction with the instructions as given, petitioner had waived any objection to the jury instructions. *People v. Earle,* 2005 WL 1224611 at *6-7 (Mich. App. 2005). Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219 (2000). Because the Michigan Court of Appeals relied on counsel's expression of approval of the jury instructions as given to reject petitioner's claim, the issue is also procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006).

Petitioner contends that any procedural default should be excused because of trial counsel's ineffectiveness in failing to object to the instructions as given by the trial court. For ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As discussed above, petitioner did raise a claim with the state courts involving trial counsel's ineffectiveness for failing to inform the court that a juror offered to accept a bribe from petitioner in exchange for a hung jury. However, petitioner did not raise a claim in the state courts regarding counsel's failure to object to the trial court's response to the jury note, or to the trial court's failure to instruct the jurors on the elements

of murder and manslaughter when giving Criminal Jury Instruction 2d 17.4. Because petitioner never raised these specific claims in the Michigan courts, the alleged ineffectiveness of counsel cannot constitute cause to excuse petitioner's default with respect to these claims. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Because petitioner therefore has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these two claims. *Smith*, 477 U.S. at 533; *see also Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider her instructional error claims as a ground for a writ of habeas corpus in spite of the procedural default. As a result, no miscarriage of justice will occur if the Court declines to review petitioner's defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner's instructional error claims are therefore defaulted.

## VI.     Cumulative Errors Claim

In her last claim, petitioner alleges that she was deprived of a fair trial because of cumulative error. The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002). Therefore, petitioner is not entitled to habeas relief on her cumulative errors claim. *Id.; see also Salters v. Palmer,* 271 F. Supp. 2d 980, 992 (E.D. Mich. 2003).

## VII.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a habeas petitioner may appeal a decision of this Court, the Court must determine if he or she is entitled to a Certificate of

Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. The Court will therefore deny a certificate of appealability. *See Long,* 450 F. Supp. 2d at 755. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547,

549 (E.D. Mich. 1999).

## ORDER

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus, document no. 1, is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

SO ORDERED.

                          s/Stephen J. Murphy, III
                          STEPHEN J. MURPHY, III
                          United States District Judge

Dated:  August 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2009, by electronic and/or ordinary mail.

                          s/Alissa Greer
                          Case Manager